UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARNELL STRICKLAND, #652460,

    Plaintiff,                            Hon. Paul L. Maloney

v.                                                  Case No. 1:23-cv-1190

KENT COUNTY, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion to Dismiss, (ECF No. 12), and Defendants' Motion to Dismiss, (ECF No. 16). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motions both be granted and this action terminated.

## BACKGROUND

Plaintiff initiated this action against: (1) Kent County; (2) the City of Grand Rapids; (3) Grand Rapids Police Officer Zane Garnsey; and (4) Grand Rapids Police Officer Brandon Plasterer. (ECF No. 1). Specifically, Plaintiff alleges the following.

On July 1, 2023, Plaintiff was arrested by Defendants Garnsey and Plasterer. During the course of Plaintiff's arrest, Plasterer struck Plaintiff with "two closed fist hand strikes" because he "felt that [Plaintiff] was actively resisting arrest." Once Plaintiff was on the ground, Garnsey "struck [Plaintiff] with his knee multiple times"

-1-

because Plaintiff "was secreting [his] hands under [his] body and [Garnsey] did not know if [Plaintiff] was accessing a weapon or not."

As a result of this incident, Plaintiff was charged with carrying a concealed weapon, being a felon in possession of a firearm, and resisting arrest. (ECF No. 17-1, PageID.71; ECF No. 17-2, PageID.79). Plaintiff was also charged with being a habitual offender. (ECF No. 17-2, PageID.79). Plaintiff pleaded guilty to carrying a concealed weapon, being a felon in possession of a firearm, and resisting arrest and in return the habitual offender charge was dismissed. (*Id.*, PageID.79-80). Plaintiff was sentenced to serve 1-5 years in the custody of the Michigan Department of Corrections. (*Id.*).

Plaintiff alleges that Defendants Garnsey and Plasterer used excessive force during his arrest. Plaintiff also alleges that Defendants Kent County and City of Grand Rapids failed to properly train their police officers. Plaintiff requests $5 million in damages. Defendants now move to dismiss Plaintiff's complaint. Plaintiff has failed to respond to either of Defendants' motions. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss for failure to state a claim on which relief may be granted tests the legal sufficiency of a complaint by evaluating the assertions therein in a light most favorable to Plaintiff to determine whether such states a valid claim for relief. *See In re NM Holdings Co., LLC*, 622 F.3d 613, 618 (6th Cir. 2000).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

As the Supreme Court more recently held, to survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the wellpleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

> complaint has alleged - but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

## ANALYSIS

### I. Kent County

Section 1983 is the means by which "persons" who violate the constitutional rights of others can be held accountable. *See* 42 U.S.C. § 1983. While "municipalities and other local governmental bodies" are considered "persons" under § 1983, Defendant cannot be held liable under § 1983 solely because it employs a tortfeasor. *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403 (1997). To impose liability on Kent County, Plaintiff must establish that he suffered a constitutional injury as a result of "official municipal policy." *Connick v. Thompson*, 563 U.S. 51, 60 (2011). Official municipal policy includes "the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id.* at 61.

Plaintiff's complaint fails for two reasons. First, Plaintiff fails to allege that Defendants Garnsey or Plasterer, whom Plaintiff alleges are Grand Rapids Police Officers, are employed by, or otherwise act on behalf of, Kent County. Second, even if the Court assumes that Defendants Garnsey or Plasterer are considered agents or employees of Kent County, Plaintiff fails to allege facts that any injuries he suffered were

caused by any official Kent County policy, decision, or enactment. Accordingly, the undersigned recommends that Defendant Kent County's motion to dismiss be granted.

## II. City of Grand Rapids

Just as with Defendant Kent County, Plaintiff fails to allege facts that any injuries he suffered were caused by any official City of Grand Rapids policy, decision, or enactment. Accordingly, the undersigned recommends that Defendant City of Grand Rapids' motion to dismiss be granted.

## III. Defendants Garnsey and Plasterer

It is well understood that a plaintiff cannot assert a § 1983 claim if success on the claim would "necessarily imply the invalidity" of an underlying state criminal conviction, unless such conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Hayward v. Cleveland Clinic Foundation*, 759 F.3d 601, 608 (6th Cir. 2014) (quoting *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994)).

In *Hayward*, the Sixth Circuit considered a § 1983 claim asserted by a man who, after pleading guilty to resisting arrest, sued the arresting officers for using excessive force in effecting his arrest. *Hayward*, 759 F.3d at 605-06. The court noted that under Ohio law "an arrest is not lawful. . .if the arresting officer used excessive force." *Id.* at 609 (citation omitted). Likewise, under Ohio law, a person "cannot be convicted. . .of

resisting an illegal arrest." *Id.* at 609 (citations omitted). Thus, an element of the charge of resisting arrest is that the arrest was lawful. *Id.* (citation omitted).

Accordingly, a claim that officers used excessive force when effecting an arrest implies the invalidity of any conviction for resisting arrest. *Id.* at 611. The court further observed, however, that this analysis does not apply to claims that excessive force was employed after an arrest was affected. *Id.* at 611-12. Stated differently, with respect to claims that excessive force was employed during an arrest, the *Heck* bar applies only if the alleged excessive force occurred "before and during the resistance and was only used to procure the arrest." *Id.* at 612.

In 2012, the Michigan Supreme Court held that the State's resisting arrest statute "required prosecutors to prove that the police had made a lawful arrest." *Chaney-Snell v. Young*, 98 F.4th 699, 707-08 (6th Cir. 2024) (citing *People v. Moreno*, 814 N.W.2d 624, 626-34 (2012)). Thus, under Michigan law, a claim that officers employed excessive force necessarily implies the invalidity of a conviction for resisting arrest, so long as the alleged excessive force occurred "before and during the resistance and was only used to procure the arrest." Plaintiff clearly alleges that the force employed by Defendants occurred during the course of accomplishing his arrest. Accordingly, the Court finds that Plaintiff's excessive force claims against Defendants Garnsey and Plasterer are barred by the rule announced in *Heck* because success on such claims would necessarily imply the invalidity of Plaintiff's conviction for resisting arrest.

## IV. Waiver

Finally, the undersigned recommends, in the alternative, that Defendants' motions be granted on the ground that Plaintiff has waived any opposition thereto. While Plaintiff is representing himself, pro se litigants are "still required to follow the rules of civil procedure and easily-understood Court deadlines." *Ciavone v. McKee*, 2009 WL 2959737 at *6 (W.D. Mich., Sept. 10, 2009). Failure by a plaintiff to respond to a motion to dismiss constitutes a forfeiture of the claims to which the motion is addressed. *See Notredan, L.L.C. v. Old Republic Exchange Facilitator Co.*, 531 Fed. Appx. 567, 569 (6th Cir., July 29, 2013) (failure to respond to an argument that a claim is subject to dismissal "amounts to a forfeiture of [such] claim"). Likewise, opposition to a motion to dismiss is waived, and dismissal appropriate, where the plaintiff fails to respond thereto. *See Humphrey v. United States Attorney General's Office*, 279 Fed. Appx. 328, 331 (6th Cir., May 15, 2008) ("if a plaintiff fails to respond or otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion"); *Allen v. NCL America LLC*, 741 Fed. Appx. 292, 295-96 (6th Cir., July 10, 2018) (by failing to respond to motion to dismiss, plaintiff waived opposition thereto); *Moody v. CitiMortgage, Inc.*, 32 F.Supp.3d 869, 875 (W.D. Mich. 2014) ("[a] plaintiff must oppose a defendant's motion to dismiss or otherwise respond or he waives opposition to the motion"); *Thorn v. Medtronic Sofamor Danek, USA, Inc.*, 81 F.Supp.3d 619, 631 (W.D. Mich. 2015) (same).

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendant's Motion to Dismiss, (ECF No. 12), be granted; Defendants' Motion to Dismiss, (ECF No. 16), be granted; and this action terminated.  For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: October 10, 2024

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge